UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE


WILLARD V. FLEMING, Jr. #202944 )
                                )
v.                              )          NO. 2:07-CV-228
                                )
(WELLAMONT) HOLSTON-VALLEY      )
HOSPITAL & MEDICAL CENTER       )
EMERGENCY ROOM                  )


## MEMORANDUM and ORDER


Willard V. Fleming, Jr., now an inmate in the Morgan County Correctional Complex, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging a denial or delay of medical treatment at the emergency room of a local hospital. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b)twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee

of $350.00 has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined and to George Little, Commissioner of the Tennessee Department of Correction.

The "Statement of Claim" section of plaintiff's complaint reads, in its entirety:

> "Around the middle of August of 2006, I was involved in a car accident, which later went to the above Hospital and was refused treatment. (I was told there was nothing they could do for me, to come back the next day.) when I went back the next day I was X-Rayed and preped for surgery. For Broke Jaw (right side)." (Compl., ¶ IV).

The complaint must now be screened and, if it is frivolous or malicious; fails to state a claim; or names defendants who are immune, it must be dismissed. 28 U.S.C. § 1915A and § 1915(e).

To state a viable § 1983 claim, a plaintiff must allege: 1) that he was denied a right privilege or immunity secured by the constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Neither element has been

---

[1] Send the payments to:
    Clerk, USDC
    220 West Depot Street, Suite 200
    Greeneville, TN 37743

2

shown here.

First, deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, there is no indication that plaintiff was a prisoner at the time of the complained-of conduct. A free world citizen, such as plaintiff apparently was at the time of his accident, has no similar constitutional entitlement to medical care. And even if plaintiff were imprisoned when his vehicle mishap occurred, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated. *Id.* at 106. Also, absent a showing that delaying treatment for one day had a detrimental effect on a prisoner's condition or that anyone had the requisite state of mind, an incarcerated plaintiff would not state a delay-of-treatment medical claim. *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

Secondly, plaintiff has not alleged, and there is nothing in the pleadings to indicate, that some unidentified staff member at the Holston Valley Hospital & Medical Center or its Emergency Room was acting on behalf of the State of Tennessee when that individual advised plaintiff to return the next day because nothing could be done for him [that day?]. Put simply, plaintiff has failed to state a claim which would entitle him to relief under § 1983 because he has not demonstrated that he has been denied a constitutional right by a state actor.

3

Finally, the Court **DECLINES** to exercise jurisdiction over any state law claims asserted in this action as all federal claims lack merit, *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), and any such claim is **DISMISSED WITHOUT PREJUDICE**. 28 U. S. C. § 1367(c)(3).

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE